**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000362
13-FEB-2015
07:56 AM**

NO. CAAP-12-0000362

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAUILANI C. KEKUAOKALANI (fka KAUILANI C.
KEKUAOKALANI-GREGORY, Plaintiff-Appellant, v.
ANTHONY H. GREGORY, JR., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 10-1-1668)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Kauilani C. Kekuaokalani
(**Kekuaokalani**) appeals from: (1) a February 8, 2012 post-judgment order of the Family Court of the First Circuit (**Family Court**)[1] resolving Kekuaokalani's motion for post-decree relief regarding the distribution of debt and assets in the May 13, 2011 Divorce Decree that dissolved Kekuaokalani's marriage to Defendant-Appellee Anthony H. Gregory, Jr. (**Gregory**) (**Post-Judgment Order re Short Trial**); and (2) a March 6, 2012 order granting in part and denying in part Kekuaokalani's Hawai'i Family Court Rules Rule 59(e) motion to reconsider, alter or amend the February 8, 2012 Post-Judgment Order re Short Trial (**Post-Judgment Order re Motion to Reconsider**).

Kekuaokalani raises two points of error on appeal, contending that the Family Court erred in finding that: (1) Kekuaokalani was equally responsible for the payments due on the parties' home equity line of credit owed to Bank of Hawai'i (the

---

[1] The Honorable Steven M. Nakashima presided.

HELOC) and secured by the Popoki Street Property (the **Property**); and (2) Kekuaokalani's share of the HELOC can be offset, even in part, against the Equalization Payment ordered in the Divorce Decree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kekuaokalani's points of error as follows:

(1) "When interpreting a decree/judgment, the determinative factor is the intention of the court as gathered from all parts of the decree/judgment itself." Rosales v. Rosales, 108 Hawaiʻi 370, 374, 120 P.3d 269, 273 (App. 2005) (citing Jendrusch v. Jendrusch, 1 Haw. App. 605, 609, 623 P.2d 893, 897 (1981)). See also Anderson v. Anderson, 59 Haw. 575, 584, 585 P.2d 938, 944 (1978). ("In construing the terms of a divorce decree, the determinative factor is the intent of the court as gathered from the decree and other evidence.") (internal citations omitted).

The Divorce Decree provided, in relevant part:

11. Real Property.
(a) 45-169 Popoki Street, Kaneohe, HI. [Gregory] shall be awarded the real property located at 45-169 Popoki Street, Kaneohe, HI 96744. [Gregory] shall be responsible for all costs associated with this real property, including the mortgage, taxes, insurance and utilities.

. . . .

12. Equalization Payment. [Gregory] shall pay [Kekuaokalani] an equalization payment of $120,500 within ninety (90) days from the filing of the Divorce Decree.

. . . .

14. Debts. Each party is responsible for their own debts. Any joint debts, except as noted elsewhere in this Decree, shall be equally paid by the parties.

The Family Court interpreted the Divorce Decree in Conclusion of Law 7 of its Findings of Fact and Conclusions of Law; Order Re: Kekuaokalani's September 16, 2011 Motion for Post-Decree Relief and February 17, 2012 Motion to Reconsider, Alter or Amend Order Regarding December 16, 2011 Short Trial, as follows:

> The provision in the Divorce Decree regarding the award of the Popoki Street property to Husband does not mean that Husband shall be solely responsible for the [HELOC] on the Popoki Street property; a specific reference to all encumbrances would have been needed to include the [HELOC].

We agree with the Family Court's conclusion. Generally speaking, a "mortgage" is a conveyance of title or lien against a property that is given to secure a debt or other obligation[2] and, as Kekuaokalani argues, the HELOC loan is secured by the Property via a security instrument that refers to itself as a "Mortgage" numerous times (and which is in fact a mortgage),[3] and the use of a word in the singular *may* signify a plural number, in some instances. Nevertheless, in this case, it is clear that the term mortgage as referenced in the Divorce Decree was intended to refer to the parties' purchase-money mortgage loan that had been obtained from Bank of America. Importantly, the HELOC loan was not part of the record prior to the entry of the Divorce Decree and is not specifically mentioned in the Decree itself. In addition, the reference to "the mortgage" in paragraph 11 of the Divorce Decree is in the context of the "costs associated with [the Property], including the mortgage, taxes, insurance, and utilities." As noted in the HELOC Mortgage document referenced by Kekuaokalani, the HELOC loan was a revolving line of credit, not the mortgage entered into at the time of the acquisition of the Property to secure the loan used to buy the Property. Thus, subject to the terms of the underlying Credit Agreement (which was not made part of the record), money drawn on the HELOC loan could be used for any purpose, much like a credit card or other unsecured loan, and was not limited to costs associated with the Property. Accordingly, we conclude that "the mortgage" in paragraph 11 of the Divorce Decree, which was considered to be part of the "costs associated with" the Property, was the Bank of America mortgage loan, and not the HELOC loan. Instead, as the

---

[2]     See, *e.g.*, Black's Law Dictionary 1165-66(10th ed. 2014).

[3]     The "Mortgage" is only part of the documentation of the HELOC transaction between the parties and the bank, and references the underlying "Credit Agreement" dated April 24, 2006, which sets forth the terms and conditions of the HELOC loan.

Family Court concluded, the HELOC loan was part of the parties' joint debts, which were to be shared pursuant to paragraph 14 of the Divorce Decree.

(2) Kekuaokalani argues that her share of the HELOC cannot be offset, even in part, against the Equalization Payment ordered in the Divorce Decree because such offset would constitute a substantive change to the terms of the Divorce Decree, rather than enforcement of the Decree. We disagree. The issue of the offset arose in the context of Kekuaokalani's post-decree motions, which disputed that she was obligated to pay one-half of the HELOC loan outstanding as of the effective date of the Divorce Decree, May 11, 2011. Kekuaokalani does not challenge the Family Court's finding in the March 6, 2012 Post-Judgment Order re Motion to Reconsider that she had failed to make one-half of payments due on the HELOC loan. Thus, as the Family Court interpreted the Divorce Decree, she was in arrears on those payments. Accordingly, the Family Court's order that those arrearages be offset against the Equalization Payment owed to Kekuaokalani was in the nature of enforcement of the Divorce Decree, rather than a substantive change to the Divorce Decree. See, e.g., Richter v. Richter, 108 Hawai'i 504, 506-07, 122 P.3d 284, 286-87 (App. 2005).

For these reasons, we affirm the Family Court's February 8, 2012 Post-Judgment Order re Short Trial, as amended by the Family Court's March 6, 2012 Post-Judgment Order re Motion to Reconsider.

DATED: Honolulu, Hawai'i, February 13, 2015.

On the briefs:

Stephanie A. Rezents
Thomas E. Crowley
(Rezents & Crowley, LLP)
for Plaintiff-Appellant

John C. Bryant, Jr.
Lynne M. Youmans
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

4